Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 191122-49110
DATE: May 28, 2021

ORDER

Service connection for major depressive disorder associated with survivor's remorse is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his major depressive disorder associated with survivor's remorse is at least as likely as not attributable to service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for major depressive disorder associated with survivor's remorse have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 4.125.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from October 1997 to June 2003. 

The rating decision on appeal was issued in September 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the November 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Veteran contends his major depressive disorder associated with survivor's remorse is caused by his military service. He asserts he began suffering from a mental health condition after the 2002 helicopter crash in which four of his comrades, who he served closely with and were like family, died. See January 2021 Hearing Transcript. The Veteran was still on active duty at that time.

Generally, to establish service connection on a direct basis, a Veteran must show a current disability; an in-service incurrence of a disease or injury; and a causal relationship between the present disability and the disease or injury incurred during service, the so-called "nexus" requirement. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

According to the Veteran's March 2018 VA treatment records, the Veteran was diagnosed as having major depressive disorder. Additionally, the September 2019 rating decision made favorable findings that the Veteran has been diagnosed with a disability and a December 2019 medical report from Dr. J.W. confirms a diagnosis of major depressive disorder due to survivor's guilt. Thus, the first element of service connection has been met.

The question before the Board is whether the Veteran's major depressive disorder is causally related to his military service.

Here, there are two medical opinions of record, a September 2018 VA examination, and a December 2018 private medical examination by Dr. J.W., a psychologist who completed the mental disorder disability benefits questionnaire (DBQ) and provided a nexus opinion. 

The September 2018 VA examiner did not diagnose the Veteran as having a mental disorder and stated the Veteran has not ever been diagnosed with a mental disorder. At the September 2018 VA examination, the Veteran reported that he has been persistently depressed since the helicopter crash and is never happy, has sleep disturbances, lacks a social life, and stays away from people. He stated he has anxiety being around people even small groups, his heart beats faster and he thinks about an escape from the place and conversation so he can go back home. While the examiner noted the Veteran's mood was subdued with flat affect, the examiner did not provide any response as to whether the Veteran had any mental disorder symptoms. The examiner opined that the claimed condition was less likely than not attributable to service. To support his conclusion, the examiner stated, "there is insufficient objective evidence to support his claim of depression or other mental health condition as a result of expressed trauma." 

However, the Veteran's March and May 2018 VA treatment records show that the Veteran was diagnosed by a VA psychiatrist with posttraumatic stress disorder under DSM-V based on his reported in-service trauma, and in March 2018 with major depressive disorder. Those records also show the Veteran was taking five mental health medications including medication for depression. The September 2018 VA examiner did not address those diagnoses or explain the fact the Veteran was taking medication for depression. Accordingly, the Board assigns the examiner's opinion less probative value.

In March 2019, the Veteran submitted a December 2018 private psychologist opinion and DBQ by Dr. J.W. Dr. J.W. diagnosed the Veteran as having chronic moderate major depressive disorder due to survivor's remorse. He noted four comrades that the Veteran worked with closely were killed in a helicopter crash. He also noted the Veteran's symptoms included depressed mood, chronic sleep impairment, impaired short and long-term memory, disturbances of motivation, impaired focus and concentration, irritability, fatigue, and social avoidance. Dr. J.W. also found that the Veteran's depression is ongoing and opined "it is more likely than not that [the Veteran] suffers from Major Depressive Disorder due to survivor's remorse. This condition resulted from a service-connected disaster." Considering that Dr. J.W.'s description of the Veteran's symptoms and that his diagnosis is consistent with VA treatment records, the Board assigns it more probative weight than the September 2018 VA examiner's opinion. 

In a July 2018 lay statement, the Veteran stated he developed close relationships with four comrades to the extent that they were like family as he spoke with them on a daily basis. He returned to the states several months before they did. One day, one of comrades crashed a helicopter while on a routine mission and all four of them died. The Veteran said when heard the news, he was devasted as it felt like he lost part of his family and from that point on he felt remorse on why he could make it home, but his comrades could not. He says there is not a day he does not think about his comrades. Since then, the Veteran has become a different person as he is depressed and withdrawn.

At the January 2021 Board hearing, the Veteran testified that he began suffering from a mental health condition after the helicopter crash that killed his four comrades in 2002 while he was still in the military. The Veteran stated prior to joining the military, he did not have depression, was outgoing and a people person. After the accident, he changed, did not want to be around people, was no longer happy, and he went on a downward spiral. He also states that he has been struggling with depression since he got out of the military.

The Veteran is competent to report matters within his personal knowledge such as symptoms, events that occurred in-service, and past recollections. Layno v. Brown, 6 Vet. App. 465, 469 (1994). Indeed, the Veteran is competent in some instances to provide a competent opinion regarding etiology. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); see also Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology). The Veteran's statements are credible because they are plausible and consistent with some medical treatment records. Accordingly, the Board finds the Veteran's statements probative.

[CONTINUED ON NEXT PAGE]

After reviewing the entire record as a whole, the Board concludes that the evidence of record is at least in equipoise in establishing that the Veteran's major depressive disorder associated with survivor's remorse is attributable to military service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for service connection for major depressive disorder associated with survivor's remorse is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

T. SHERRARD

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Agarwal, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.